IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD COLLINS,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 16-5671** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |

# ORDER

And now, this _____ day of _____, _____, upon consideration of Defendants Police Officer Michael Berkery, Sergeant Edward Pisarek, and Detective Keith Scott's Motion for Summary Judgment, and any response thereto, it is hereby **ORDERED and DECREED** that Defendants' Motion for Summary Judgment is granted and all of Plaintiff's claims are **DISMISSED** with prejudice.

BY THE COURT:

_____
Robreno, J.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD COLLINS,<br>             Plaintiff,<br><br>     v.<br><br>CITY OF PHILADELPHIA, et al.,<br>             Defendants. | Civil Action<br>No. 16-5671 |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**

Defendants Police Officer Michael Berkery, Sergeant Edward Pisarek, and Detective Keith Scott ("Defendants"), by and through the undersigned counsel, hereby file this Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Honorable Court's Policies and Procedures.

Pursuant to Local Rule 7.1(c) Defendants hereby incorporate by reference the attached Statement of Undisputed Facts and Memorandum of Law as though fully set forth at length.

Respectfully submitted,

Date: June 5, 2017

/s/ Aaron Shotland
Aaron Shotland
Pa. Attorney ID No. 205916
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5434
aaron.shotland@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD COLLINS,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 16-5671** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

Defendants Police Officer Michael Berkery, Sergeant Edward Pisarek, and Detective Keith Scott ("Defendants"), by and through undersigned counsel, hereby file this Memorandum of Law in support of their Motion for Summary Judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and Local Rule 7.1(c).

**I. Statement of Facts**

On March 23, 2013, at approximately 7:43pm, a white man armed with a black pistol robbed the Red Sun Food Market located at 4552 Cottman Ave. PARS Report, p. 1. Shortly after the robbery, the owner of the store, Xiu Mei Xiao, who was working the register at the time of the robbery, provided a physical description of the suspect. She described the suspect as a white male with a beard, wearing a tan coat and holding a black gun. Xiao Interview, p. 2. At 7:55pm, Police Officer Michael Berkery stopped Richard Collins approximately 4/10 of a mile away at 7500 Torresdale Ave. because he met the flash description of the suspect. Pedestrian Investigation Form 75-48A and Google Map. At approximately 8:10pm, Xiu Mei Xiao positively identified Richard Collins as the man who robbed her at gun point. Id. and Collins Deposition at 39:10-42:2. Due to Xiao's positive identification of Plaintiff, he was arrested and

processed. PARS. Plaintiff's first filing in this case occurred on August 8, 2016 with a writ of summons in the Pennsylvania Court of Common Please. See Civil Docket Attached, p. 3

**II. Procedural History**

This matter was originally filed in the Pennsylvania Court of Common Pleas on August 8, 2016, with a praecipe to issue a writ of summons. See Civil Docket Attached, p. 3. After service of the Complaint on October 6, 2016, this matter was removed to Federal Court on October 31, 2016. ECF Doc. 1. A motion to dismiss the City of Philadelphia was granted on January 5, 2017, leaving the present Defendants in the case. In his Complaint, Plaintiff alleges that he was falsely arrested and imprisoned by the Defendants on March 23, 2013, without probable cause. Plaintiff also asserts a claim for violations of the Pennsylvania Constitution. For the reasons discussed below, Plaintiff's claims against Defendants fail as a matter of law.

**III. Legal Standard**

The court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A factual dispute is "material" only if it might affect the outcome of the suit under governing law. *See id.* All inferences must be drawn, and all doubts resolved in favor of the non-moving party. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962); *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985).

On motion for summary judgment, the moving party bears the initial burden of identifying these portions of the record that it believes demonstrate the absence of material fact

4

disputes. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the moving party, and may not rest on mere denials. *See id.* at 321, n.3; *First Natl. Bank of Pa. v. Lincoln Natl. Life Ins. Co.*, 824 F.2d 277, 282 (3d Cir. 1987).

In a case where the non-moving party is the plaintiff and therefore bears the burden of proof, the non-moving party must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case." *Celotex*, 477 U.S. at 322-24. The non-moving party must adduce more than a mere scintilla of evidence in its favor to defeat the moving party's summary judgment motion. *See Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460 (3d Cir. 1989). Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is entitled to summary judgment where no reasonable resolution of conflicting evidence and inferences therefrom could result in a judgment for the non-moving party." *Schwartz v. Hospital of Univ. of Pa.,* 1993 WL 153810 at *2 (E.D. Pa. May 7, 1993). Furthermore, "[p]laintiff cannot simply reassert factually unsupported allegations in its pleadings." *Poles v. St. Joseph's Univ.,* 1995 WL 542246 at *5 (E.D. Pa. Sept. 11, 1995) (citing *Celotex*, 477 U.S. at 325).

**IV. Argument**

1. **PLAINTIFF'S 4TH AMENDMENT CLAIMS AND STATE LAW FALSE ARREST AND FALSE IMPRISONMENT CLAIMS FAIL**

    a. **Defendants Police Officer Michael Berkery and Sgt. Edward Pisarek[1]'s Arrest of Plaintiff Was Made With Probable Cause Based On An Eye**

---

[1] Defendant Detective Keith Scott had no involvement in the physical arrest of Plaintiff. His only involvement in this matter is he interviewed witnesses, gathered evidence and prepared a Police Arrest Report ("PARS"). Therefore, the false arrest and false imprisonment claims against him should be dismissed.

5

**Witness's Allegations, Which Were Sufficient to Warrant A Reasonable
Person to Believe an Offense Had Been Committed By Plaintiff.**

Claims of both false arrest and false imprisonment are predicated on an arrest made without probable cause in violation of the Fourth Amendment. *Baker v. McCollan*, 443 U.S. 137, 145 (1979); *see also Groman v. Twp. Of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). Conversely, an arrest supported by probable cause is not a constitutional violation and is therefore not a basis for an action under § 1983. Therefore, the threshold question is whether the Plaintiff was deprived of a right "secured by the Constitution and whether there was probable cause to arrest. Baker, 443 U.S. at 143-46 (arrests made on probable cause do not violate due process, and thus do not violate § 1983); *Groman*, 47 F.3d at 634 (noting that in order to prevail on a false arrest claim under § 1983 plaintiffs would have to prove police lacked probable cause to arrest).[2]

Generally, the existence of probable cause is a question of fact for the jury. *Montgomery v. De Simone*, 159 F.3d 120, 124 (3d Cir. 1998), citing *Patzig v. O'Neil*, 577 F.2d 841, 848 (3d Cir. 1978). However, if the evidence of probable cause, viewed in the light most favorable to the non-moving party, "reasonably would not support a contrary factual finding," the Court may find that probable cause existed as a matter of law. *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997). Summary judgment is appropriate if a reasonable jury could not conclude that the police lacked probable cause to arrest the plaintiff. *Groman*, 47 F.3d at 635.

---

[2] The Pennsylvania State Law Claim for false arrest is similarly defeated by a showing of probable case: A false arrest is defined as an arrest made without probable cause. McGriff v. Vidovich, 699 A.2d 797, 799 n. 3 (Pa. Commw. 1997). False imprisonment is the unlawful detention of another person. Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994). "An arrest based on probable cause would be justified, regardless of whether or not the individual arrested was guilty or not." Id.

Probable cause to arrest is present when "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995). In making this determination, Courts must consider "the totality of the circumstances presented, and assess the knowledge and information which the officers possessed at the time of arrest, coupled with the factual occurrences immediately precipitating the arrest." *United States v. Stubbs*, 281 F.3d 109, 122 (3d Cir. 2002). Importantly, the constitutionality of an arrest does not turn on whether the suspect actually committed a crime. *Baker*, 443 U.S. at 145-46 ("[T]he Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted – indeed, for every suspect released.")

Generally, police may rely on the statements of a victim or eyewitness to a crime when making a probable cause determination as "it is well-established that when an officer has received . . . information from some person – normally the putative victim or an eyewitness – who it seems reasonable to believe is telling the truth, he has probable cause." *United States v. Richards*, No. 08-37, 2008 WL 3874302 at *2 (D.V.I. Aug. 15, 2008), citing *Spiegel v. Cortese*, 196 F.3d 171, 724 (7th Cir. 1999). "It is surely reasonable for a police officer to base his belief in probable cause on a victim's reliable identification of an attacker" since "it is difficult to imagine how a police officer could obtain better evidence of probable cause than an identification by name of assailants provided by a victim, unless, perchance, the officer were to witness the crime himself." *Richards*, 2008 WL 3874302, at *2, citing *Torchinsky v. Siwinski*, 942 F.2d 257, 262 (4th Cir. 1991).

Though the Court of Appeals has declined to adopt the blanket rule that a victim's positive identification of her assailant is always sufficient by itself to establish probable cause, the Court recognizes that "a positive identification by a victim witness, without more, would usually be sufficient to establish probable cause," with the qualification that "independent exculpatory evidence or substantial evidence of the witness's own unreliability that is known by the arresting officers could outweigh the identification such that probable cause would not exist." *Wilson v. Russo*, 212 F.3d 781, 790 (3d Cir. 2000).

In this case, Police Officer Michael Berkery, and Sgt. Edward Pisarek, after receiving a flash description of an armed robbery suspect, stopped Richard Collins because he matched the description. Richard Collins was stopped only 12 minutes after the robbery and only four tenths of a mile from where the robbery took place. Shortly thereafter, robbery victim Xiu Mei Xiao positively identified Richard Collins as the person who robbed her store. As a result of Richard Collins meeting the flash description of the suspect, his proximity to the robbery, and Xiu Mei Xiao's positive identification, Richard Collins was placed under arrest. Xiu Mei Xiao was transported to North East Detectives, where she was interviewed by Detective Keith Scott at 10pm on March 23, 2013, and confirmed that Plaintiff Richard Collins was the individual that robbed her store. Xiao Interview, p. 2.

Based on Richard Collins meeting the flash description of the suspect and the information provided by eye witness victim Xiu Mei Xiao, Richard Collins was arrested. As they were permitted to do, Officer Berkery and Sgt. Pisarek relied on Xiu Mei Xiao's allegations in placing Richard Collins under arrest. The facts known to Officer Berkery and Sgt. Pisarek were sufficient to warrant a reasonable person to believe that Richard Collins had participated in the robbery based on the available information.

Plaintiff will likely argue in response to this motion that he was at a bank at the time of the robbery, and that after showing the District Attorney proof of his whereabouts, the case was dismissed. Defendants do not dispute this assertion, however, Plaintiff's alibi was not known to the police at the time of his arrest, and therefore does not invalidate the probable cause that existed at the time of his arrest. It is irrelevant to the probable cause determination the exact crime charged by the police or whether the suspect is later acquitted of the charges altogether. *White v. Brown*, No. 08-606, 2010 WL 1718205, *4 (E.D. Pa. Apr. 28, 2010).

Plaintiff will likely also argue that Detective Keith Scott's investigation into the robbery was flawed in many ways, including differences between the shoes worn by the robber in the surveillance video and the shoes Richard Collins was wearing when he was arrested as well as the failure to obtain fingerprints from the cash register. However, Plaintiff has no constitutional right to a police investigation. *See Whitehead v. City of Phila.*, No. 13-2167, 2014 WL 657486, at *2 (E.D. Pa. Feb. 19, 2014). Therefore, these arguments fail.

There is no evidence that Officer Berkery or Sgt. Pisarek were aware of independent exculpatory evidence or substantial evidence of Xiu Mei Xiao's unreliability when they arrested Richard Collins. The Defendant Officers simply took Xiu Mei Xiao's allegations at face value, and detained Richard Collins for further investigation into Xiu Mei Xiao's allegations. There is no evidence to suggest that any action taken by Officer Berkery or Sgt. Pisarek violated Richard Collins's Fourth Amendment rights because probable cause existed for a reasonable officer to believe that a crime had been committed, therefore, Counts I and II alleging false arrest and false imprisonment should be dismissed**.**

> **b. Police Officer Michael Berkery, Detective Keith Scott and Sgt. Edward Pisarek Are Entitled to Qualified Immunity**

Even assuming Plaintiff's Constitutional rights were violated, qualified immunity should nonetheless be granted to Police Officer Michael Berkery, Sgt. Edward Pisarek, and Detective Keith Scott. Government officials performing discretionary functions generally are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine of qualified immunity "seeks to ensure that defendants reasonably can anticipate when their conduct may give rise to liability by attaching liability only if the contours of the right violated are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *United States v. Lanier*, 520 U.S. 259, 270-71 (1997) (internal quotations and citations omitted). Qualified immunity "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Anderson v. Creighton*, 483 U.S. 635, 638 (1987) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court discussed the two-step inquiry which should be used to determine whether police officers can be held liable for an alleged violation of plaintiff's constitutional rights. Once it is established that a constitutional right has been violated, the Court should consider whether the officer reasonably believed his actions were legal under the circumstances. *See also Showers v. Spangler*, 182 F.2d 165, 171 (3d Cir. 2000); *Kim v. Gant*, 1997 WL 535138 at *10 (E.D. Pa. 1997).

The doctrine of qualified immunity is intended to give ample room for reasonable but mistaken judgments by police officers. *See Orsatti v. New Jersey State Police*, 71 F.3d 480, 484 (3d Cir. 1995). As the Supreme Court pointed out in Saucier:

> The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct. It is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts. An

> officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances. If an officer's mistake as to what the law requires is reasonable, however, the officer is entitled to immunity defense.

*Saucier,* 121 S.Ct. at 2158. The officer's subjective intent is immaterial to the qualified immunity question. "Instead, 'whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Showers*, *supra*, 182 F.2d at 172 (quoting *Anderson*, *supra*).

Here, Plaintiff concedes that eye witness Xiu Mei Xiao identified him as robbing her store. Plaintiff was stopped four tenths of a mile from the robbery only 12 minutes after it took place. There can be no legitimate dispute that a reasonable police officer who knew these facts would believe it was constitutionally impermissible to place Plaintiff under arrest based on Xiu Mei Xiao identification. Plaintiff will likely argue that the Defendants lacked conclusive physical evidence proving that Plaintiff committed the robbery however, that type of evidence is not a required for a police officer to reasonably believe a crime has taken place. When an officer obtains a positive identification from the victim determined to be credible, they are not required to engage in further investigation before filing an affidavit of probable cause. *Scott v. Farrell*, No. 12-6049, 2013 WL 6474488, *3 (E.D. Pa. Dec. 10, 2013) (citing *Merkle*, 211 F.3d at 790 n.8). An officer is not required to conduct a "mini-trial" before an arrest. *Bane v. City of Phila.*, No. 09-2798, 2009 WL 6614992, *7 (E.D. Pa. June 19, 2009).

Even if Plaintiff could prove Police Officer Michael Berkery, Sgt. Edward Pisarek, and Detective Keith Scott violated a clearly established right, they are still entitled to qualified immunity because they "mistakenly but reasonably believed that their actions were constitutionally permissible." *Hung v. Watford*, No. 01-3580, 2002 WL 31689328, at *2 (E.D.

Pa. Dec. 3, 2002). "If there is no genuine issue of fact as to whether defendant acted with such a reasonable but mistaken belief, then he is entitled to qualified immunity regardless of whether his actions actually were constitutional." *Hung*, 2002 WL31689328, at *2 (*citing Saucier*, 533 U.S. at 206). Here, there is absolutely no evidence that Police Officer Michael Berkery, Sgt. Edward Pisarek, or Detective Keith Scott acted without a reasonable belief that Plaintiff committed the robbery. For the reasons stated above, Police Officer Michael Berkery, Sgt. Edward Pisarek, and Detective Keith Scott actions are entitled to qualified immunity.

### 2. PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

Claims brought pursuant to § 1983 are governed by the statute of limitations applicable to state personal injury actions. Under Pennsylvania law, that period is two years. *See Johnson v. City of Philadelphia*, 1997 WL 152790 (E.D. Pa. 1997); 42 Pa. C.S.A. § 5524. Under Pennsylvania law, the statute of limitations for these types of claims are governed by 42 Pa. C.S.A. § 5524 which provides a two year statute of limitations. In addition, the two year statute applies to "[a]ny other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct." 42 Pa. C.S.A. § 5524(7).

It is well established that the statute of limitations for any claim begins to run from the time the plaintiff knew or reasonably should have known the cause of his injury. *Bayless v. Philadelphia National League Club*, 579 F.2d 37 (3d. Cir. 1978); *Mitchell v. Hendricks*, 431 F.Supp. 1295, 1298 (E.D. Pa. 1977); *Schaffer v. Larzelere*, 410 Pa. 402, 189 A.2d 267 (1963); *Ayers v. Morgan*, 397 Pa. 282, 154 A.2d 788 (1959); *Maginley v. Philadelphia Gas Works*, 1982 WL 290368, 8 Phila. Co. Rptr. 416, 418 (Pa.Com.Pl. 1982). The test consists of three parts: "(1) knowledge of the injury; (2) knowledge of the actual element which cause the injury; and (3)

knowledge of the causative relationship between the injury and the defendant's conduct." Maginley, 8 Phila.Co. Rptr. at 419 (citing *Volpe v. Johnson-Manville Corp.*, January Term, 1977 No. 2052, CCP Philadelphia (May 2, 1980)). In addition, the statute of limitations will not be tolled due to a subsequent continuance of the wrong if the Plaintiff had knowledge of the earlier injury. Id. at 420 (citing *Daniels v. Beryllium*, 211 F. Supp. 452, 455-56 (E.D. Pa. 1962)).

Based on the foregoing, the Defendant is entitled to judgment on Plaintiff's § 1983 claims and Pennsylvania state law claims. Plaintiff alleges that on March 23, 2013, he was falsely arrested and imprisoned. *See* Complaint, ¶¶ 10-12. In accordance with the law, the statute of limitations expired on March 23, 2015, two years after the alleged incident. Plaintiff did not file the instant lawsuit until August 8, 2016, more than a year and four months after the statute had run. See Civil Docket Report, p. 1 and 3. In view of the foregoing, Plaintiff's constitutional claims brought pursuant to § 1983 are time barred and should be dismissed with prejudice. See *Narducci v. Timoney*, 1999 WL 961221 (E.D. Pa. 1999).

### 3. PLAINTIFF'S CLAIMS UNDER THE PENNSYLVANIA CONSTITUTION FAIL

There exists no private cause of action under Pennsylvania statutory authority for violations of civil rights under the Pennsylvania Constitution. *Jones v. City of Philadelphia*, 890 A.2d 1188 (Pa. Cmwlth. 2006). Therefore, Plaintiff's Count III claim against Defendants for violations of Plaintiff's Constitutional Rights under Article 1, Section 8 of the Pennsylvania Constitution fail as a matter of law, as no such private cause of action exists.

**WHEREFORE**, Defendants respectfully request that this Court grant his motion for summary judgment and enter judgment in favor of the Police Officer Michael Berkery, Sgt. Edward Pisarek, and Detective Keith Scott as to all counts.

Respectfully submitted,

Date: June 5, 2017   /s/ Aaron Shotland
Aaron Shotland
Pa. Attorney ID No. 205916
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5434
aaron.shotland@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD COLLINS, : | |
|       Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 16-5671** |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
|       Defendants. : | |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this date I caused a copy of Defendants' Motion for Summary Judgment to be filed electronically, such that the Motion is available for viewing and downloading from the ECF System.

Date: <u>June 5, 2017</u>                        <u>/s/ Aaron Shotland</u>
                                                                           Aaron Shotland
                                                                           Pa. Attorney ID No. 205916
                                                                           City of Philadelphia Law Department
                                                                           1515 Arch Street, 14th Floor
                                                                           Philadelphia, PA 19102
                                                                           (215) 683-5434
                                                                           aaron.shotland@phila.gov