IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD COLLINS,                   :   CIVIL ACTION
                                   :   NO. 16-5671
        Plaintiff,                 :
                                   :
    v.                             :
                                   :
CITY OF PHILADELPHIA, et al.       :
                                   :
        Defendants.                :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          April 26, 2018

This civil rights case arises from an allegedly unlawful arrest. Before the Court is the Defendants' motion for summary judgment. For the reasons set forth below, the Court will grant Defendants' motion for summary judgment as to all claims.

I. **FACTUAL BACKGROUND**

According to the Complaint, on March 23, 2013, the owner of Red Sun Food Market, located on Cottman Avenue in Philadelphia, reported that the store had been robbed. Shortly thereafter, Defendants Police Officer Michael Berkery and Police Sergeant Edward Pisarek stopped and arrested Plaintiff Richard Collins ("Collins") even though his clothing did not precisely

match the description given by the owner of Red Sun Food Market. When Collins attempted to explain what he had been doing in the area – visiting the bank – the officers refused to listen or to look at the bank receipts that would have corroborated Collins' alibi. As a result, Collins was arrested and charged with robbery and related offenses. Ultimately, the charges were nolle prossed.

## II. PROCEDURAL HISTORY

Collins filed a Complaint on October 6, 2016, in the Philadelphia County Court of Common Pleas, against the City of Philadelphia and several individual officers, containing claims under § 1983 for false arrest and false imprisonment, as well as claims under the Pennsylvania Constitution. See ECF No. 1. Defendants removed the case to this Court on October 31, 2016, on the basis of federal question jurisdiction. Id. The City of Philadelphia (but not the individual defendants) filed a motion to dismiss, ECF No. 2, which Collins did not oppose, and the Court granted. ECF No. 10. Accordingly, only the individual defendants remain in the case.

The individual defendants then filed a motion for summary judgment as to all of Collins' claims, ECF No. 13, and Collins has filed a response in opposition. ECF No. 16. Accordingly, the motion for summary judgment is ripe for

disposition. For the reasons set forth below, the Court will grant Defendants' motion for summary judgment as to all claims.

**III. LEGAL STANDARD**

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." <u>Am. Eagle Outfitters v. Lyle & Scott Ltd.</u>, 584 F.3d 575, 581 (3d Cir. 2009) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248.

The Court will view the facts in the light most favorable to the nonmoving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." <u>Pignataro v. Port Auth.</u>, 593 F.3d 265, 268 (3d Cir. 2010). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting

this obligation shifts the burden to the nonmoving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

**IV. DISCUSSION**

As noted, the Complaint contains claims for false arrest and false imprisonment under § 1983, as well as violations of the Pennsylvania Constitution. The Court addresses each in turn.

    A.    False Arrest and False Imprisonment

In their motion for summary judgment, Defendants argue that the statute of limitation bars Collins' claims for false arrest and false imprisonment. The parties agree that the applicable statute of limitations is two years. However, the parties dispute when the statute of limitations began to run. Specifically, Defendants argue that the statute of limitations runs from the date of Collins' arrest. Collins, on the other hand, argues that it runs from the date that the charges against him were nolle prossed. If Defendants are correct, Collins' § 1983 claims are time-barred. If, however, Collins is correct, they are timely.[1]

---

[1] In support of his position that the statute of limitations for his § 1983 claims runs from the date that the charges against him were nolle prossed, Collins cites Harding v. Galceran, 889 F.2d 906 (9th Cir. 1989). However Harding does not support Collins' position. The issue in Harding was whether, under California law, a California statute of limitations was tolled. Id. at 907-08. Here, it is

4

1.  *Statute of Limitations*

In Wallace, the Supreme Court discussed the statutes of limitations for false arrest and false imprisonment claims under § 1983. See Wallace v. Kato, 549 U.S. 384, 386 (2007). The plaintiff in that case, Andre Wallace, was arrested for murder. Id. After being interrogated by police, he confessed. Id. Wallace unsuccessfully tried to suppress his confession, arguing it was the product of an unlawful arrest. Id. He was then convicted of first-degree murder and sentenced. Id. On appeal, the state appellate court held that he had been arrested without probable cause, in violation of the Fourth Amendment. Id. (citation omitted). Because the appellate court found that his confession was the product of that unlawful arrest, it remanded the case for a new trial. Id. at 387. However, instead, prosecutors dropped the charges against him. Id.

Wallace then filed suit against the city and various police officers, seeking damages arising from, inter alia, his unlawful arrest. Id. The district court granted summary judgment in favor of the defendants, and the Seventh Circuit affirmed, concluding that Wallace's causes of action accrued at the time of his arrest, and not when his conviction was later set aside, and therefore his claims were time-barred. Id. Wallace

---

Pennsylvania law, not California law, that provides the applicable statute of limitations, and therefore Harding is inapposite.

petitioned the Supreme Court for certiorari, arguing that the statute of limitations on his claims did not begin to run until the charges against him were dropped and he was released. The Court granted certiorari, rejected Wallace's argument, and affirmed.

The Court began by noting that, in a § 1983 action, the statute of limitations is determined by looking to the law of the state in which the cause of action arose. Id. at 388. However, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Id. (emphasis in original). Such accrual occurs when "a plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." Id. (internal punctuation and citations omitted). Accordingly, because a claim for false arrest can be filed as soon as the unlawful arrest occurs, the statute of limitations runs from the date of the arrest. Id. The rule for false imprisonment claims, however, is slightly different. See id. at 388-89.

Although a claim for false imprisonment may also be brought as soon as the seizure occurs, because being imprisoned limits the ability to file suit, the running of the statute of limitations for a false imprisonment claim does not begin until the false imprisonment ends. Id. However, it is critical to note that this is different from release per se. See id. As the Court

6

explained, "false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held <u>pursuant to such process</u> – when, for example, he is bound over by a magistrate or arraigned on charges." <u>Id.</u> at 389 (emphasis in original) (citation omitted). Once an arrestee is subject to such legal process, any detention thereafter forms damages for a malicious prosecution claim, but <u>not</u> for a false arrest or false imprisonment claim. <u>Id.</u> at 389-90.

This is because the tort of malicious prosecution is the proper remedy for wrongful but <u>legal</u> detention, whereas false arrest or false imprisonment are remedies for wrongful and <u>illegal</u> detention. <u>Id.</u> Once legal process, such as a preliminary hearing, occurs, the imprisonment is legal. <u>See</u> <u>id.</u> Because of this distinction, the Court explained that Wallace's "contention that his false imprisonment ended upon his release from custody, after the State dropped the charges against him, must be rejected. It ended much earlier, when legal process was initiated against him." <u>Id.</u> at 390.

2. *Deferred Accrual Rule*

In <u>Wallace</u>, the Supreme Court further concluded that its decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) "compels the conclusion that [Wallace's] suit could not accrue until the State dropped its charges against him." <u>Id.</u> at 392. In <u>Heck</u>, the Court held that in order to recover damages for an allegedly

7

unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence had been reversed or otherwise invalidated. Id. (citation omitted).

The Supreme Court clarified that "the Heck rule for deferred accrual is called into play only when there exists a conviction or sentence that has not been invalidated." Id. at 393 (emphasis in original) (internal punctuation and citation omitted). The Court explained that the Heck delayed accrual rule would have impractical, even "bizarre" results if it were applied when there is either only some potential future conviction, or no conviction at all. See id. at 394. For example, if a plaintiff is falsely arrested, he or she would have to speculate about whether a prosecution will be brought, whether it will result in a conviction, and whether a pending civil action will impugn the verdict. Id. at 393. Any problems resulting from contemporaneously pending criminal and civil proceedings could be resolved by staying the civil proceeding. Id. On this basis, the Court rejected Wallace's argument under Heck.

Accordingly, the Heck rule is not applicable to claims for false arrest or false imprisonment, because those claims (unlike malicious prosecution) do not involve a challenge to legal proceedings – which is the hallmark of an action for malicious prosecution. See id. On that basis, the Court held

"that the statute of limitations upon a § 1983 claim seeking damages for a false arrest [or false imprisonment] in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Id. at 397. This rule was later applied by the Third Circuit in the Jackson case.

In Jackson, plaintiff Marvin Jackson alleged that he was wrongfully arrested and detained for twenty days prior to his preliminary hearing. Jackson v. City of Erie Police Dep't, 570 Fed. App'x 112, 114 (3d Cir. 2014) (non-precedential). However, Jackson did not file suit within two years of his preliminary hearing, and for that reason, the district court dismissed his complaint. See id. at 112. The Third Circuit, applying Wallace, affirmed the district court's holding that the Jackson's false arrest and false imprisonment claims were time-barred. Id. at 114. Specifically, the Third Circuit stated that "[a]ny claims for false arrest and false imprisonment would have accrued at the latest at the end of that twenty-day period," because a "§ 1983 claim seeking damages for a false arrest. . . where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Id. (citing Wallace, 549 U.S. at 397) (internal punctuation omitted).

9

3. *Analysis*

In this case, as noted previously, Collins' false arrest and false imprisonment claims arise from his arrest on March 23, 2013. Compl. at ¶ 40. Collins had a preliminary hearing on January 14, 2014. See Crim. Dkt., ECF No. 16-12. Over two years later, on October 6, 2016, Collins filed this action.

In accordance with the Supreme Court's decision in Wallace, because Collins had a preliminary hearing after his arrest, the statute of limitations for his false arrest and false imprisonment claims began to run on the date of his preliminary hearing. This is because where, as here, the underlying arrest is followed by criminal proceedings, the statute of limitations upon a § 1983 claim seeking damages for a false arrest or false imprisonment "begins to run at the time the claimant becomes detained pursuant to legal process." Wallace, 549 U.S. at 397. Collins was subject to "legal process" when he had a preliminary hearing on January 14, 2014. See Crim. Dkt., ECF No. 16-12. For that reason, any claims that Collins may have had for false arrest or false imprisonment would have accrued – at the latest – on January 14, 2014. Accordingly, because the applicable statute of limitations is two years, and Collins filed the instant action more than two years after his preliminary hearing, Collins' claims are time-barred.

B.  Pennsylvania Constitutional Claims

Collins also seeks monetary damages for alleged violations of his rights under the Pennsylvania Constitution to be free from "unreasonable seizure of his person," "freedom from arrest without probable cause," and "freedom from intimidation and humiliation." Compl. at ¶ 53. However, Collins cites no authority for a private cause of action under the Pennsylvania Constitution.

The Pennsylvania Commonwealth Court has held that "neither Pennsylvania statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution." Jones v. City of Phila., 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006). While the Pennsylvania Supreme Court has not specifically addressed the issue, See Mount Airy # 1, LLC v. Pa. Dep't of Revenue, 154 A.3d 268, 280 n.11 (2016), federal courts have adhered to the reasoning of the Commonwealth Court in refusing to recognize such claims for money damages. See, e.g., Ibn-Sadiika v. Cnty. Allegheny Dep't Ct. Rec., 647 Fed. App'x 60, 62 (3d Cir. 2016); Kornegey v. City of Phila., No. 17-0392, 2018 WL 1169655, at *7 (E.D. Pa. Mar. 6, 2018); O'Donnell v. Cumberland Cnty., 195 F. Supp. 3d 724, 730-31 (M.D. Pa. 2016); Mawson v. Pittston City Police Dep't, 2017 WL 4324840, at *16, (M.D. Pa. Jan. 20, 2017); Hadesty v. Rush

Twp. Police Dep't, No. 14-2319, 2016 WL 1039063, at *15 (M.D. Pa. Mar. 15, 2016).

Considering this case law, there is no legal basis for Collins' purported private claims under the Pennsylvania Constitution. Accordingly, the Court will grant Defendants' motion for summary judgment as to these claims.

**V.     CONCLUSION**

For the reasons discussed above, the Court will grant Defendants' motion for summary judgment as to all claims.

An appropriate order follows.